**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOHN A. WAGNER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEREMIAH BROWN,** ***et al.*****,**<br><br>**Defendants.** | **Case No. 26-cv-00951-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff John Wagner, an inmate of the Illinois Department of Corrections (IDOC), commenced this civil action pursuant to 42 U.S.C. § 1983 asserting a variety of constitutional violations that have occurred since his arrival at Lawrence Correctional Center in December 2025. (Doc. 1). Because Plaintiff had improperly joined claims and parties, the Court directed him to provide notice whether he would like the unrelated claims severed into separate lawsuits or dismissed without prejudice. (Doc. 6, p. 12) (citing *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022)). Plaintiff has timely filed a Motion to Sever stating that he would like to proceed with the unrelated claims. (Doc. 11). The Motion is **GRANTED**.

For the reasons stated in the Merit Review Order (Doc. 6), the Court severs Plaintiff's claims into three new lawsuits as follows:

> **Severed Case No. 1** will pertain and be limited to Plaintiff's allegations that he was not provided with adequate medical care at Lawrence Correctional Center for the injuries he previously sustained at Hill Correctional Center prior to his transfer.
>
> **Severed Case No. 2** will pertain and be limited to the alleged mistreatment of Plaintiff while was housed in restrictive housing, including denial of access to

property, poor cell conditions, and failure to treat "hunger strike complications."

**Severed Case No. 3** will pertain and be limited to the alleged denial of medical care for Plaintiff's eye and vision issues.

The Clerk is **DIRECTED** open **Severed Case No. 1** against Defendants Nurse Jane Doe 1, K. Bice, Carissa Luking, Lieutenant John Doe 1, and Sergeant Platte; **Severed Case No. 2** against Defendants Nurse Jane Doe 3, Sergeant Platte, Lieutenant John Doe 1, John Doe 2, Jeremiah Brown, Latoya Hughes, Correctional Officer Gill, Correctional Officer Ried, Lori Cunningham, K. Bice, and Steber; and **Severed Case No. 3** against Defendant Dr. Gentry. The Clerk is further **DIRECTED** to file the following documents in each severed case:

(1) The Complaint (Doc. 1);
(2) Motion for Leave to Proceed *in forma pauperis* (Doc 3); and
(3) This Memorandum and Order Severing Cases.

In *each* severed case, Plaintiff is **ORDERED** to file a First Amended Complaint that focuses on and is limited to the allegations as described above by the Court on or before **December 16, 2026**. Plaintiff's failure to file a First Amended Complaint will result in dismissal of the entire severed case. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

**DATED: November 16, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**